Paul HUPP, Plaintiff,

v.

CITY OF WALNUT CREEK,
et al., Defendants.

No. C 03–5387 BZ.

United States District Court,
N.D. California.

Sept. 30, 2005.

Paul Hupp, Solana Beach, CA, pro se.

James V. Fitzgerald, III, Eliot A. Adelson, McNamara, Dodge, Ney, Betty, Slattery & Pfalzer, Walnut Creek, CA, for Defendants.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ZIMMERMAN, United States Magistrate Judge.

Paul Hupp filed this action pursuant to 42 U.S.C. §§ 1983 and 1988 alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution, against the City of Walnut Creek

and Walnut Creek Police Officer Mitchell Rebello. The complaint alleges that defendants violated plaintiff's constitutional rights by unlawfully seizing his person and vehicle and using excessive force in handcuffing him. The complaint also alleges that defendants intentionally inflicted emotional distress on plaintiff and that the City of Walnut Creek was grossly negligent in hiring, training and supervising its officers. The parties have filed cross motions for summary judgment.[1]

The undisputed material facts and evidence establish that on November 21, 2003, at about 9:30 a.m., Officer Rebello, while working a seatbelt enforcement detail, stopped Mr. Hupp for wearing his seatbelt under his left arm instead of over his upper torso.[2] Officer Rebello cited plaintiff for violating Cal. Veh.Code § 27315(d)(1)and asked plaintiff to sign the "promise to appear" portion of the citation.[3] Plaintiff did not sign but asked to be taken before a magistrate. Officer Ichimaru and Sergeant Martinez of the Walnut Creek Police Department arrived to assist Officer Rebello. Officer Rebello informed Sergeant Martinez that plaintiff had failed to sign the "promise to appear" and had requested to appear before a magistrate. Officer Rebello then handcuffed plaintiff and took him into custody. Plaintiff complained that the handcuffs were too tight, and Officer Ichimaru adjusted them. Officer Rebello then arranged for the towing and storage of plaintiff's truck pursuant to Cal. Veh.Code §§ 22650 and 22850. Plaintiff was taken before a magistrate,

arraigned on the charges in the citation and released. On December 23, 2005, after a trial in the Traffic Court, he was found guilty and fined. He did not appeal.[4]

■ Summary judgment is appropriate when there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. There is no genuine issue of material fact where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party need not produce admissible evidence showing the absence of a genuine issue of material fact when the non-moving party has the burden of proof, but may discharge its burden simply by pointing out that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324–325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has done so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548. When determining whether there is a genuine issue for trial, "inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsu-*

---

1. All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).

2. Plaintiff's objection to defendants' use of portions of his deposition in their motion is overruled. Pursuant to Fed.R.Civ.P. 32(a)(4) plaintiff may require defendants "to introduce any other part which ought in fairness to be considered with the part introduced." He has not done so, nor introduced those portions himself.

3. Plaintiff was also cited for failing to notify the DMV that his address had changed. He was convicted of this offense, and while mentioned in his complaint, he does not appear to challenge the constitutionality of this citation.

4. Plaintiff asserts he did not appeal because the fine "was not worth the time, effort and money to appeal." Hupp Decl. ¶ 77. In any case, the convictions stand.

*shita,* 475 U.S. at 587, 106 S.Ct. 1348. Although the parties have filed cross motions, where required, the Court has viewed the facts in the light most favorable to plaintiff.[5]

■ Plaintiff first claims his arrest was unconstitutional. Since plaintiff was convicted of the charges for which he was arrested, plaintiff cannot now file a civil rights claim that challenges the basis for his arrest. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Having been convicted of failing to wear his seatbelt properly, he cannot now claim that it was unconstitutional for Officer Rebello to arrest him for not wearing his seatbelt properly.

■ Putting the rule of *Heck* aside, plaintiff's arrest was not invalid. California law makes it illegal to drive a car unless "properly restrained by a safety belt." Cal. Veh.Code § 27315(d)(1). Officer Rebello had probable cause to arrest plaintiff upon observing plaintiff wearing his seatbelt under his left arm and not across his upper torso. It is not unconstitutional to arrest a driver for failing to wear a seatbelt. *Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). Under California law, a police officer who stops a driver for a seatbelt violation may issue that person a citation if the driver "promises to appear." When plaintiff requested to be taken before a magistrate instead of signing the "promise to appear" portion of the citation, Officer Rebello was authorized to arrest plaintiff under California law. Cal. Pen. Code § 853.5(a); Cal. Veh.Code § 40302. Therefore, plaintiff's motion for summary judgment on the illegal seizure claim is **DENIED,** and defendants' motion for summary judgment is **GRANTED.**

■ Plaintiff next claims Officer Rebello used excessive force in handcuffing him. This excessive force claim is not supported by the facts of this case. Viewed most favorably to plaintiff, the facts are that Officer Rebello, upset because plaintiff questioned him about seatbelt design and usage and asked to be taken before a magistrate, "used extra ordinary [sic] and violent force handcuffing" plaintiff, and plaintiff "requested the supervising officer to loosen the handcuffs .... After loosening the handcuffs [plaintiff's] thumbs were still numb, and [he] asked to have them loosened a second time, which the supervising officer did again." (Hupp Decl. ¶¶ 45–46). Plaintiff presents no evidence other than his subjective complaints that the handcuffs produced any bruising or caused any physical injury. He does not provide corroborating evidence from medical records or other witnesses. Plaintiff admits that defendants did not ignore his complaint that the handcuffs were tight but adjusted them twice. The force used to handcuff plaintiff seems no different from the force used to handcuff Ms. Atwater. *Atwater* 532 U.S. at 354–55, 121 S.Ct. 1536. In cases where the Ninth Circuit has held that excessively tight handcuffing can constitute a Fourth Amendment violation, plaintiffs either were demonstrably injured by the handcuffs or their complaints about the handcuffs being too tight were ignored by the officers. *See e.g., Wall v. County of Orange,* 364 F.3d 1107, 1109–12 (9th Cir.2004)(doctor testified arrestee suffered nerve damage); *LaLonde v. County of Riverside,* 204 F.3d 947, 952, 960 (9th Cir.2000)(arrestee complained to officer who refused to loosen handcuffs); *Palmer v. Sanderson,* 9 F.3d 1433, 1434–36 (9th Cir.1993)(arrestee's wrists were discolored and officer ignored his complaint).

---

**5.** Plaintiff is a *pro se* litigant who has graduated from law school but is not a practicing attorney.

*Compare Gonzalez v. Pierce County*, 2005 WL 2088367 at *9 (W.D.Wash. Aug. 29, 2005)(affirming dismissal of excessive force claim because "plaintiff never complained to officers nor has she shown any injury or specific facts that would show more than *de minimis* discomfort"). Absent in this case is evidence of a physical manifestation of injury or of a complaint about tight handcuffs that was ignored. Plaintiff's motion for summary judgment on the excessive force claim is **DENIED** and defendants' motion is **GRANTED.**

■ Defendants are also entitled to summary judgment on plaintiff's claim that defendants unlawfully and unconstitutionally seized his property by towing and storing his vehicle after his arrest. Although plaintiff provides no authority that Cal. Veh.Code §§ 22651(h)(1) and 22852 are unconstitutional, he appears to base his claim on the following arguments: Cal. Veh.Code § 22651(h)(1) is unconstitutional because it fails to advance a legitimate government interest, and Cal. Veh.Code § 22852 is unconstitutional because an institutionally biased party is allowed to adjudicate the hearing and the statute does not provide for judicial review of the final determination.

Plaintiff's argument regarding Cal. Veh. Code § 22651(h)(1) fails. Impounding an unattended vehicle advances a number of legitimate government purposes. *South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) ("The authority of the police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge"). Impounding a vehicle when the driver has been arrested and there is no responsible adult present to immediately take custody of the vehicle also has a legitimate government purpose. *United States v. Ponce*, 8 F.3d 989, 995–96 (5th Cir.1993)("[T]he Supreme Court recognized that automobiles are impounded [i]n the interests of public safety and as part of what the Court has called 'community caretaking functions.'" (*quoting Opperman*, 428 U.S. at 368, 96 S.Ct. 3092)(internal quotations omitted)). In the instant case, plaintiff was properly arrested, and his vehicle could have been left unattended for a long time.[6] Plaintiff has failed to show that Cal. Veh.Code § 22651(h)(1) advances no legitimate government interest and is unconstitutional.[7] Plaintiff's motion for summary judgment with respect to this issue is **DENIED** and defendants' motion is **GRANTED.**

As for plaintiff's first argument regarding Cal. Veh.Code § 22852, the Ninth Circuit has held that "[t]here is no constitutional requirement that the decisionmaker be an uninvolved person when a property interest protected by due process is at stake." *Jordan v. City of Lake Oswego*, 734 F.2d 1374, 1376 (9th Cir.1984). The Cir-

---

6. Other circuits have addressed the constitutionality of similar impoundment statutes. *United States v. Duguay*, 93 F.3d 346, 354 (7th Cir.1996)("Impoundments by Illinois police have been affirmed in many circumstances where the arrestee could not provide for the speedy and efficient removal of the car, such as where the driver is the sole occupant and is legitimately arrested"). *Cabbler v. Superintendent, Virginia State Penitentiary*, 528 F.2d 1142, 1146 (4th Cir.1975)(accepting as a reason for impounding a car after the driver's arrest "to give protection to the personal effects of a prisoner").

7. Officer Rebello's statement that he would teach plaintiff a lesson by having his truck impounded does not alter this analysis. The thrust of California's regulatory scheme is to encourage a driver stopped for a minor traffic offense to sign a "promise to appear." The lesson to be learned from failing to do so is the one plaintiff learned; the driver is subject to arrest and where there is no one to tend to the vehicle, it may be impounded. While the remark may have been gratuitous, it does not convert the lawful impoundment of the vehicle into an unconstitutional act.

cuit has rejected plaintiff's institutional bias argument in other cases involving towing and storage of vehicles. *See David v. City of Los Angeles,* 307 F.3d 1143, 1147 (9th Cir.2002), *rev'd on other grounds,* 538 U.S. 715, 123 S.Ct. 1895, 155 L.Ed.2d 946 (2003), *remanded to* 335 F.3d 857 (9th Cir.2003)(denying plaintiff's claim that the "mere fact that the hearing examiner was employed by the agency-or the City-was sufficient to show a due process violation because the officer who ordered the towing and storage worked for the agency also").[8]

Plaintiff's second argument similarly fails. Plaintiff has not cited any authority that due process requires a right to judicial review of administrative decisions. In fact, the Ninth Circuit rejected plaintiff's argument in *Conner v. City of Santa Ana,* 897 F.2d 1487, 1492–93 (9th Cir. 1990)("There is no requirement, however, that a court must be involved in the process in order to comply with the constitution"). In any event, the Ninth Circuit noted in *Conner,* plaintiff "did have a right to judicial review" under Code Civ. Proc., § 1094.5. *Id.* at 1493. As in *Conner,* plaintiff does not claim that he attempted to exercise such right in this case. Therefore, plaintiff's motion for summary judgment that Cal. Veh.Code § 22852 is unconstitutional is **DENIED** and defendants' motion is **GRANTED**.[9]

■ The City of Walnut Creek is also entitled to summary judgment on the claim that the City failed to hire, train and supervise its officers properly. Such failures may subject the municipality to liabil-

ity under § 1983 only if they injure a plaintiff and evidence a deliberate indifference to constitutional rights. *See City of Canton v. Harris,* 489 U.S. 378, 390–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A municipality is deliberately indifferent when it is "on actual or constructive notice of the need to train." *Farmer v. Brennan,* 511 U.S. 825, 841, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A local government may not be liable for damages for civil rights violations based on the doctrine of respondeat superior. As a result, a government body cannot be held liable under § 1983 merely because it employs a tortfeasor. *Monell v. Department of Soc. Services,* 436 U.S. 658, 691–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Based on the record before the Court, plaintiff has not proven that the hiring process or training or supervision of Officer Rebello was inadequate or what additional steps in hiring, training and supervising were necessary or appropriate. Plaintiff has not met the *Celotex* burden to counter defendants' motion for summary judgment. Therefore, the record taken as a whole could not lead a rational trier of fact to find for plaintiff with respect to this claim. Plaintiff's motion for summary judgment against the City of Walnut Creek is **DENIED** and the City's motion for summary judgment is **GRANTED**.

Plaintiff additionally accuses defendants of intentional infliction of emotion distress. While plaintiff claims to have felt extreme humiliation from having to walk through a

8. Plaintiff also contends his constitutional rights were violated because he did not receive notice of the storage of his vehicle until December 2, 2003, and Cal. Veh.Code § 22852(b) requires such notice to be mailed or delivered within 48 hours. The 10–day delay between the impoundment and storage of plaintiff's vehicle and his receipt of notice does not amount to a constitutional violation. *David,* 538 U.S. at 718–19, 123 S.Ct. 1895

(holding that a 30–day delay in holding a hearing regarding an impounded automobile does not violate due process).

9. In view of the Court's findings that plaintiff's constitutional rights were not violated, I need not reach Officer Rebello's further argument that he is entitled to qualified immunity because the constitutional rights were not clearly established.

courtroom lobby while handcuffed and in his gym clothes, plaintiff has not established that defendants' conduct was extreme and outrageous as to go beyond all possible bounds of decency. *Davidson v. City of Westminster*, 32 Cal.3d 197, 209, 185 Cal.Rptr. 252, 649 P.2d 894 (1982). After all, it was plaintiff, dressed in gym clothes, who did not "promise to appear" and asked to be taken to court. Accordingly, plaintiff's motion for summary judgment on the intentional infliction of emotional distress is **DENIED** and defendants' motion for summary judgment is **GRANTED.**

It is hereby **ORDERED** that defendants' motion for summary judgment on the complaint is **GRANTED** and plaintiff's motion for summary judgment is **DENIED.** Plaintiff's request for attorney's fees is **DENIED.**[10]

---

**10.** Plaintiff's and defendants' evidentiary objections are overruled. The disputed evidence did not affect the outcome of the Court's decision.