Opinion
DYMANT, J.
Defendant Barbara Cosgriff Overland appeals her conviction for failing to be properly restrained by a safety belt (Veh. Code, § 27315, subd. (d)(1)),[1] on the ground that wearing only a lap belt without the shoulder harness is not a violation of the statute. We reject her contention and accordingly affirm the judgment.
BACKGROUND
The evidence at trial was undisputed. On April 29, 2010, Santa Monica Police Department Officer Ortiz observed defendant driving a 2002 Lexus 300RX northbound on Main Street in the City of Santa Monica. Defendant was wearing the lap belt portion of a seatbelt assembly, but had the shoulder harness portion tucked behind her back. Officer Ortiz effected a traffic stop and issued a citation for the above referenced infraction. The court found defendant guilty and imposed a fine. This timely appeal followed.
*Supp. 11 DISCUSSION
Defendant contends that the statutory requirement that all motorists and passengers be “properly restrained by a safety belt” is satisfied by wearing either a lap belt or a lap belt/shoulder harness assembly. Thus, defendant asserts that she was in compliance with section 27315, subdivision (d)(1) when she only wore a lap belt, and her conviction must be reversed. Because the facts in this case are not in dispute, and because defendant’s contention raises a pure question of law, we apply the de novo standard of review. (Bialo v. Western Mutual Ins. Co. (2002) 95 Cal.App.4th 68, 76-77 [115 Cal.Rptr.2d 3].)
Section 27315, subdivision (d)(1) requires that motorists and their passengers be “properly restrained by a safety belt.” The safety belt must be maintained “in good working order” and must “conform to motor vehicle safety standards established by the United States Department of Transportation.” (§ 27315, subd. (f).) The Federal Motor Vehicle Safety Standards, as codified in the Code of Federal Regulations, require that all passenger vehicles manufactured after 1996 be equipped with a “Type 2 seat belt assembly” (49 C.F.R. § 571.208, S4.1.5.1(2) (2010), which is a combined lap belt and shoulder harness. (Id., § 571.209, S3 (2010).)
The purpose of this requirement is clearly stated in both state and federal law. Section 571.208, S2, of the Code of Federal Regulations provides that the purpose of such standards is “to reduce the number of deaths of vehicle occupants, and the severity of injuries, ... by specifying equipment requirements for active and passive restraint systems.” (See also § 27315, subd. (a).) Additionally, section 27314.5 mandates that dealers offering for sale used vehicles[2] equipped with only lap belts must affix warning notices which state, in part, that the “ ‘failure to install and use shoulder harnesses with lap belts can result in serious or fatal injuries in some crashes’ ” and which provide information on how to retrofit such vehicles with shoulder harnesses. (§ 27314.5, subd. (a).)
We therefore conclude that, in order to be “properly restrained by a safety belt” within the meaning of section 27315, subdivision (d)(1), a motorist or passenger in a vehicle manufactured after 1996 must wear the entire shoulder harness and lap belt combination restraint system while the vehicle is being operated. Since the evidence shows that defendant’s vehicle was a 2002 Lexus which was equipped with such a restraint system, she was subject to that requirement as well.
Our conclusion is consistent with decisions in cases involving challenges to vehicle stops based on suspected safety belt violations. For example, in *Supp. 12 Kodani v. Snyder (1999) 75 Cal.App.4th 471 [89 Cal.Rptr.2d 362] (Kodani), an officer stopped a vehicle because the driver did not appear to be wearing the shoulder harness portion of the safety belt assembly. The court, in affirming the denial of a motion to suppress evidence, held that because the shoulder harness is mandatory for vehicles manufactured after a certain date, the officer was justified in stopping the vehicle to determine its model year and whether it was equipped with a shoulder harness; if so, the driver was obligated to wear it.[3] (Kodani, at pp. 476-477; accord, Collier v. Montgomery (5th Cir. 2009) 569 F.3d 214, 218 [addressing similar safety belt statute]; Hupp v. City of Walnut Creek (N.D.Cal. 2005) 389 F.Supp.2d 1229, 1232.)
The undisputed evidence was that defendant’s 2002 Lexus was equipped with a lap belt and shoulder harness combination, but that she was only wearing the lap belt when stopped by Officer Ortiz. Accordingly, defendant was not properly restrained by a safety belt within the meaning of section 27315, subdivision (d)(1), and her conviction was not contrary to law.
The judgment is affirmed.
McKay, P. J., and Kumar, J., concurred.

 Vehicle Code section 27315, subdivision (d)(1), provides in relevant part as follows: “A person shall not operate a motor vehicle on a highway unless that person and all passengers 16 years of age or over are properly restrained by a safety belt.”
All further statutory references are to the Vehicle Code unless otherwise indicated.

 The statute encompasses model years 1972 through 1990.

 To the extent that defendant relies on Kodani for the proposition that compliance with the mandatory seatbelt law—section 27315—may be achieved by wearing only a lap belt when driving a 2002 vehicle, we find that reliance to be misplaced. Although the Kodani court stated that the terms “seat belt” and “safety belt” may refer to either a lap belt or a lap belt/shoulder harness combination, it did not hold that wearing either iteration would comply with the mandatory seatbelt law. Rather, the court made clear that compliance depended upon the model year of the vehicle, which controlled what type of safety belt was required. (Kodani, supra, 75 Cal.App.4th at p. 475, fn. 3.)