# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2009

No. 08-30665

Charles R. Fulbruge III
Clerk

RODNEY MICHAEL COLLIER; SARAH ELIZABETH COLLIER,

Plaintiffs–Appellees,

v.

PERRY GREG MONTGOMERY, Individually; GLENN PAUL SPROLES, Individually; RODNEY D. HARRIS, Individually; KEN MICHAEL HALPHEN, Individually,

Defendants–Appellants.

Appeal from the United States District Court
for the Western District of Louisiana

Before GARWOOD, OWEN, and HAYNES, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Officers Perry Greg Montgomery, Glenn Paul Sproles, Rodney D. Harris, and Ken Michael Halphen appeal the district court's denial of their summary judgment motion based on qualified immunity. We reverse and render.

## I

Harris, a Bossier City officer working on the Seat Belt Task Force, saw Rodney Collier driving a pickup truck with the seatbelt not extending forward

and across Collier's shoulder as required by Louisiana law. Harris made a traffic stop and decided to issue a ticket.

As Harris was attempting to explain the consequences of failing to honor a written promise to appear, as required by Louisiana Revised Statutes § 32:391, Collier interrupted and attempted to grab a pen from Harris's hand. Harris retrieved a pair of handcuffs from his belt and informed Collier that he was under arrest. When Harris reached for Collier's left wrist, Collier pulled his hand back and turned away from the officer. The two men grappled as Harris attempted to place the handcuffs on a resisting Collier. At one point during the struggle, Harris pushed Collier onto the hood of the police cruiser and forced Collier's right arm behind his back. After Harris placed the handcuffs on Collier, he directed Collier into the back seat of the police cruiser.

At that point, Collier began complaining of chest pain, and Harris immediately called the Bossier City Fire Department to the scene. However, Collier refused treatment and executed a Fire Department Patient Refusal Information Sheet. Collier was later taken to the LSU Health Sciences Center, but he also refused treatment there.

Collier was charged with resisting arrest, simple battery, and failing to wear his seatbelt. During his criminal trial, Collier admitted that he told Harris that he did not have his shoulder harness on but that he had the lap belt fastened. The City of Bossier Court found that "Officer Harris had probable cause to initiate the stop when he saw what he reasonably believed was an unbelted driver." But the City Court found that there was reasonable doubt as to whether the seatbelt was being utilized and, therefore, found Collier not guilty

of the seatbelt violation. Collier was also acquitted of the other charges against him.

Rodney Collier and Sarah Elizabeth Collier subsequently filed suit claiming violations of 42 U.S.C. § 1983 against the City of Bossier City, Coregis Insurance Company, St. Paul Fire & Marine Insurance Company, and Officers Michael Stanley Szempruch, Montgomery, Sproles, Harris, and Halphen.

The claims against Coregis Insurance Company and Officer Szempruch have been dismissed. The remaining defendants moved for summary judgment based on qualified immunity. In a one-page opinion, the district court denied the defendants' motion, stating, "[h]aving reviewed the film of the arrest, the Court finds that genuine issues of material fact remain in the case." The defendants timely appealed. This court later dismissed the appeal as to all parties except Montgomery, Sproles, Harris, and Halphen, in their individual capacities.

## II

Although nominally an affirmative defense, the plaintiff has the burden to negate the assertion of qualified immunity once properly raised.[1] This court reviews a district court's denial of a motion for summary judgment on the basis of qualified immunity in a § 1983 suit de novo.[2]

In *Saucier v. Katz*,[3] the Supreme Court held that a court addressing a claim of qualified immunity must determine first whether the plaintiff has

---

[1] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[2] *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).

[3] 533 U.S. 194 (2001), *overruled by Pearson v. Callahan*, 129 S. Ct. 808 (2009).

adduced facts sufficient to establish a constitutional or statutory violation[4] before determining "whether [the officers'] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question."[5] In *Pearson v. Callahan*, the Supreme Court has since held that this sequential two-step analysis was no longer mandatory.[6] Instead, lower courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand."[7] The Court noted, however, that the *Saucier* formulation often is the appropriate analytical sequence.[8] In this case, we find it appropriate to determine initially whether a constitutional violation occurred.

## III

### A

Collier argues that Harris violated his Fourth Amendment rights by making an unlawful arrest. Harris stopped Collier based on a belief that Collier was not wearing his seatbelt properly. According to Louisiana Revised Statutes § 32:295.1(A)(1), a driver is required to have a "safety belt properly fastened about his or her body at all times when the vehicle is in forward motion."

---

[4] *Id.* at 201; *see McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002) (en banc).

[5] *Freeman*, 483 F.3d at 411.

[6] 129 S. Ct. at 821.

[7] *Id.* at 818.

[8] *Id.*

Probable cause for such violation "shall be based solely upon a law enforcement officer's clear and unobstructed view of a person not restrained as required by [Louisiana law]."[9]

At the time of the arrest, Louisiana had not identified what "properly fastened about his or her body" meant. However, the Louisiana Attorney General later issued an opinion in an unrelated matter stating that "when the driver's clasp is fastened, but the shoulder and/or chest harness is not properly across the chest and shoulder, then the safety belt is not 'properly fastened about the body' and La. R.S. 32:295.1 has been violated."[10]

Although Collier claims that Harris had an obstructed view of Collier's seatbelt due to the distance between the vehicles and because Collier's tinted window was up, the video evidence shows that no cars passed between Harris and Collier at the applicable time. Additionally, during his criminal trial and in his deposition, Collier admitted that he was not wearing his seatbelt with the shoulder strap across his chest. Therefore, we agree with the criminal trial court that Harris had probable cause to arrest Collier. Accordingly, Harris did not violate the Fourth Amendment in making the arrest.[11]

---

[9] LA. REV. STAT. § 32:295.1(F).

[10] La. Att'y. Gen. Op. No. 06-0189, 2006 WL 3616631 (Nov. 9, 2006).

[11] *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (finding an arrest for the failure to wear a seatbelt constitutional and holding that "an officer [who] has probable cause to believe that an individual has committed even a very minor criminal offense in his presence . . . may, without violating the Fourth Amendment, arrest the offender").

## B

Collier contends that Harris used excessive force in violation of the Fourth Amendment right against unreasonable seizures.[12] To prevail on an excessive-force claim, Collier must establish: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[13] "[A]n injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible—that is, objectively unreasonable under the circumstances."[14] "The objective reasonableness of the force, in turn, depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible."[15] The test for reasonableness must consider "whether the suspect poses an immediate threat to the safety of the officers or others, and *whether he is actively resisting arrest* or attempting to evade arrest by flight."[16]

Collier suffered abdominal bruising and bruises on his back and legs, and he claims that he experienced episodes of chest pain with significantly elevated blood pressure and heart rate during the arrest. We conclude that the force applied was constitutionally permissible under these particular circumstances.

---

[12] *See Colston v. Barnhart*, 130 F.3d 96, 102 (5th Cir. 1997) ("The Fourth Amendment's protection against unreasonable seizures of the person has been applied in causes of action under 42 U.S.C. § 1983 to impose liability on police officers who use excessive force against citizens.").

[13] *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).

[14] *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008).

[15] *Id.*

[16] *Graham v. Conner*, 490 U.S. 386, 396 (1989) (emphasis added).

The video evidence shows that Collier physically resisted when Harris attempted to place handcuffs on him. Harris grappled with Collier for several seconds and was able to subdue Collier after pushing him onto the hood of the cruiser. Harris's use of force and the resulting bruises were not excessive under the circumstances. Additionally, Collier's alleged chest pain and elevated blood pressure and heart rate did not make Harris's use of force unreasonable.[17] Accordingly, we hold that Harris did not violate Collier's Fourth Amendment right against unreasonable seizure.

## C

Collier asserts that Harris's failure to advise Collier of his *Miranda* rights was a violation of the Fifth Amendment and that Sergeant Kevin Peddington of the City of Bossier Police Department used a statement by Collier in Collier's criminal trial against him. Sergeant Peddington testified that Collier told him "I just want to let you know that this officer didn't do this. . . . He didn't do anything wrong. I did this when I fell against the car."

The alleged statements made by Collier did not relate to whether Collier had committed a crime. Instead, the statements pertained to whether Harris had used excessive force to subdue Collier during the arrest. Therefore, regardless of whether Collier was read his *Miranda* rights, such statements were

---

[17] *See Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (holding that an arrest was not made unreasonable by the fact that the plaintiff was left in an unventilated vehicle for approximately thirty minutes, despite the plaintiff's allegation that "her multiple sclerosis was exacerbated by the heat").

not introduced in an incriminating manner.[18] Accordingly, Collier's Fifth Amendment rights were not violated.

**D**

Collier further argues that the officers violated his Eighth Amendment right to be free from cruel and unusual punishment. Collier claims that "[t]he treatment, or lack thereof, by the EMT was woefully inadequate and insulting." However, Collier does not claim that the officers failed to provide him with medical care; Collier only complains that the officers refused to contact his cardiologist, Dr. Cole. We have previously held that liability will not attach "unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk."[19] Collier twice refused treatment for his complained-of chest pains. Because the officers attempted to provide Collier with medical care, the officers did not violate Collier's Eighth Amendment rights.

**E**

Collier also claims that Officers Montgomery, Sproles, and Halphen failed to intervene to prevent the aforementioned alleged constitutional violations from occurring. It is undisputed that no other officer was present at the scene during the arrest. Therefore, Montgomery, Sproles, and Halphen could not have failed to intervene to prevent the alleged unlawful arrest and alleged use of excessive force. Additionally, because we conclude that Collier's constitutional rights were not otherwise violated, this claim fails.

---

[18] *See Miranda v. Arizona*, 384 U.S. 436, 465 n.33 (1966) (stating that a criminal defendant's constitutional rights have been violated "if his conviction is based, in whole or in part, on an involuntary confession, regardless of its truth or falsity").

[19] *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).

**F**

Collier's final argument is that the officers conspired to violate his First and Eighth Amendment rights. Collier has not produced any evidence of an agreement between the officers to violate Collier's constitutional rights. Therefore, this argument is meritless.

\* \* \*

Because we hold that the officers did not violate Collier's constitutional rights, we REVERSE the decision of the district court denying summary judgment and RENDER judgment for the officers in their individual capacities.