# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2010

No. 09-10885
Summary Calendar

Charles R. Fulbruge III
Clerk

ESTATE OF STEVEN EVERETT SHAW; MARK SHAW; ELISANDRA
LOPEZ, as mother and next friend of D.T.S, a minor; DALE ROBERTS

Plaintiffs-Appellants

v.

NICOLAS SIERRA, Police Officer; TODD CAVALIERE, Police Officer

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1737-N

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

The plaintiffs, the Estate of Steven Everett Shaw and various family
members, appeal the dismissal of their action against officers Sierra and
Cavaliere on motion for summary judgment. The district court granted
defendants' motion on the grounds that they were entitled to qualified immunity.
We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-10885

I.

This action arises out of a high speed chase culminating in the use of deadly force by Officers Sierra and Cavaliere of the Mesquite Police Department against the decedent, Steven Everett Shaw ("Shaw").

The chase began when Officer Cavaliere attempted to conduct a traffic stop after observing Shaw engaging in what he perceived to be suspicious activity. When Cavaliere approached to make the stop, Shaw fled. The resulting chase extended through three cities. The chase ended when Shaw turned down a dead end street and drove around a gate into a pasture area. After circling the pasture, Shaw's vehicle became lodged on a utility pole guide wire. As the officers exited their vehicles and approached on foot, Shaw reversed his vehicle, dislodged it from the wire and then rapidly accelerated forward toward Officer Cavaliere. Officer Cavaliere was on foot directly in front of Shaw's vehicle when Shaw's vehicle began moving toward him. At that point, Officers Sierra and Cavaliere fired at Shaw and hit him. Shaw died from these gunshot wounds.

Sierra and Cavaliere assert that they believed Cavaliere was in imminent danger of death or serious injury from Shaw's vehicle at the time they fired. Both parties submitted expert opinion as part of the summary judgment evidence regarding the reasonableness of this belief. The incident was captured by the video cameras of four patrol cars on the scene.

Plaintiffs allege that the defendants used excessive force in violation of Shaw's Fourth Amendment rights. The defendants moved for summary judgment on the grounds that they were entitled to qualified immunity. The district court granted the motion and the plaintiffs appeal.

No. 09-10885

II.

The central issue in this case is whether the force used by the defendants was objectively reasonable under the circumstances in light of clearly established law. *Bazan v. Hidalgo Co.*, 246 F.3d 481, 488 (5th Cir. 2001). To prevail on an excessive force claim, plaintiffs must establish "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009)(citing *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005)). If the defendants' use of force was reasonable under the circumstances, no Fourth Amendment violation is established and plaintiffs' claims fail.  When an officer has probable cause to believe that the suspect poses an imminent threat of serious physical harm to the officer or others, deadly force is reasonable. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

We agree with the district court's assessment of the record in this case. "Even when viewed in the light most favorable to plaintiff, the facts of this case do not establish a constitutional violation by Sierra and Cavaliere. . . . At the time of the incident, the officers reasonably believed that Shaw might run over Cavaliere.  They fired at Shaw to halt this threat.  In these circumstances, Defendants' use of force was reasonable."  Cases relied on by plaintiffs involving fleeing suspects are distinguishable.  Defendants in this case did not fire at Shaw during the long car chase while he was fleeing from them.  They only fired when Shaw's vehicle accelerated toward Cavaliere who was approaching the vehicle on foot.  The videos from the police cars at the scene depict Cavaliere directly in front of Shaw's vehicle as Shaw began to accelerate forward. Accordingly, the district court did not err in concluding that the summary

judgment record revealed that officers in Sierra's or Cavaliere's position would reasonably believe that Cavaliere was in imminent danger of serious physical injury from being struck by Shaw's accelerating vehicle.

We also agree with the district court that the plaintiffs' expert testimony is insufficient to create a genuine issue of material fact on this issue. Expert Rodney Jeanis provided no methodology or foundation for his conclusions that defendants were not in threat of imminent serious physical harm or that the force used was excessive. In such circumstances, a court need not consider the expert's opinion on summary judgment. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 357 (5th Cir. 2001). The expert testimony submitted by Shaw's father similarly fails.

Because plaintiffs cannot establish a constitutional violation by the use of excessive force, we need not proceed to the second prong of the qualified immunity analysis - whether defendants' conduct was objectively reasonably under clearly established law. *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007).

### III.

For the reasons stated above, we agree with the district court that defendants are entitled to qualified immunity and affirm the district court's summary judgment.

AFFIRMED.