# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2010

Lyle W. Cayce
Clerk

No. 08-51279

HAROLD PIATT,

Plaintiff-Appellee

v.

CITY OF AUSTIN; TOBY FUTRELL, In her official capacity as City Manager of the City of Austin; STANLEY KNEE, In his official capacity as Police Chief of the City of Austin; ART ACEVEDO, In his official capacity as Police Chief of the City of Austin,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-07-CA-520-LY

Before GARWOOD, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant City of Austin Chief of Police Stanley Knee ("Knee") appeals interlocutorily from the district court's denial of his motion for summary judgment. He contends that he is entitled to qualified immunity from suit in his individual capacity. We conclude that Knee's motion presents only a genuine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51106

issue as to a material issue of fact and therefore dismiss the appeal for lack of appellate jurisdiction. *See, e.g., Johnson v. Jones*, 515 U.S. 304, 313-20 (1995).

I.

Plaintiff Harold Piatt ("Piatt") was employed by the Austin Police Department from 1979 until he retired in October 2007. Piatt's complaint alleges that he was passed over for promotion to Assistant Chief on two occasions because he is white. Piatt brought this suit against former Austin Chief of Police Stanley Knee, in his individual capacity, alleging racial discrimination under 42 U.S.C. § 1983.

In 2006 (and also in 2003, although that promotion is not subject of this appeal), Piatt applied and was qualified for a promotion to Assistant Chief of Police. In both instances, Knee denied Piatt a promotion and instead promoted officers to Assistant Chief who were not white. Piatt testified at his deposition that at a meeting in early 2006 Knee explained that he would use his promotion–appointment authority to maintain the racial balance of his executive staff of Assistant Chiefs. Knee conceded at his deposition that he had said that he would be making every effort to reflect the community with his appointments of the Assistant Chiefs; and that, although what matters most is the ability to do the job, often it is easier for citizens to talk to somebody of the same race as an outlet for their complaints. Knee further testified that he did not promote Piatt because he would not "fit." Knee said he did not believe he would be able to establish a sense of trust and loyalty with Piatt, characteristics Knee considered essential in an Assistant Chief.

The district court denied Knee's motion for summary judgment, concluding that:

> To support his claim for qualified immunity, [Knee ] merely state[s] [he] is entitled to qualified immunity because Plaintiff's Title VII claims fail. He also argues that his actions were objectively reasonable due to the statutory authority giving him discretion in

No. 08-51106

> hiring Assistant Chiefs. He raises no new arguments in support of his claim for protection by qualified immunity than he raised in defense to Plaintiff's Title VII claims. As explained above, Plaintiff has created a question of fact of whether Knee's decision not to promote him was based on his lack of trust and loyalty or whether it was based on his race. Therefore, without more detailed assertions by Knee, qualified immunity is not appropriate.

Report and Recommendation at 18, *Piatt v. City of Austin*, No. A-07-CA-520-LY (W.D. Tex. Nov. 12, 2008) (citations and record references omitted) (as adopted by the district court in its December 2, 2008 Order on Report and Recommendation).

## II.

At the outset, we must determine whether we have appellate jurisdiction of this interlocutory appeal. Piatt argues that the order dismissing Knee's motion for summary judgment was an interlocutory order, based on the sufficiency of the evidence, which is not appealable. We agree.

"District court orders denying summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine, notwithstanding their interlocutory character, when based on a conclusion of law." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 531 (5th Cir. 1997) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). "In contrast, such orders are not immediately appealable if they are based on sufficiency of the evidence." *Id.* (citing *Johnson*, 515 U.S. at 313). In other words, orders denying qualified immunity are not appealable if they turn on a district court's finding that a *genuine* factual dispute exists. But we may review purely legal determinations, including a district court's finding that a particular factual dispute is *material*. *Foley v. Univ. of Houston*, 355 F.3d 333, 337 (5th Cir. 2003); *see also Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc) ("[I]n an interlocutory appeal we cannot challenge the district court's assessments regarding the sufficiency of the evidence – that is, the question whether there is enough evidence in the

record for a jury to conclude that certain facts are true."). "'Within this limited appellate jurisdiction, [we] review[] a district court's denial of a motion for summary judgment on the basis of qualified immunity in a § 1983 suit *de novo*.'" *Good v. Curtis*, ___ F.3d ____, 2010 WL 1038547, at *3 (5th Cir. 2010) (quoting *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009)).

"[T]o state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race." *Coleman*, 113 F.3d at 533 (citing *Washington v. Davis*, 426 U.S. 229, 240-42 (1976); *Vera v. Tue*, 73 F.3d 604, 609 (5th Cir. 1996)). *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), requires courts "to conduct a two-part analysis when state of mind is at issue: (1) Does the alleged conduct set out a constitutional violation? and (2) Were the constitutional standards clearly established at the time in question?" *Auriemma v. Rice*, 910 F.2d 1449, 1453 (7th Cir. 1990) (citations, quotation marks and ellipses omitted). Intent is relevant to the first prong but not to the second prong because officials generally are precluded from proving that intentionally discriminatory conduct is objectively reasonable. *See, e.g., Southard v. Tex. Bd. of Crim. Justice*, 114 F.3d 539, 550 (5th Cir. 1997) (sex discrimination); *Blackwell v. Laque*, 275 F. App'x 363, 367 (5th Cir. 2008) (race discrimination); *Auriemma*, 910 F.2d at 1453 (race discrimination); *Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997) (race discrimination); *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1180 (9th Cir. 1998) (national origin discrimination); *DiMarco-Zappa v. Cabanillas*, 238 F.3d 25, 35-37 (1st Cir. 2001) (ethnic discrimination); *Farm Labor Organizing Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 542-43 (6th Cir. 2002) (racially targeted traffic stops); *Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety*, 411 F.3d 427, 441 (3d Cir. 2005), *cert. denied sub nom. Verniero v. Gibson*, 547 U.S. 1035 (2006) (racially selective enforcement). Thus, generally, where the evidence is sufficient

4

to support a claim of intentional gender or race discrimination, any immunity defense will be foreclosed.

In sum, we agree with the district court that Piatt raised a genuine issue of material fact as to "whether Knee's decision not to promote [Piatt] was based on his lack of trust and loyalty [as he claims] or whether it was based on [Piatt's] race," Report and Recommendation at 18, *Piatt*, No. A-07-CA-520-LY, a factual determination we may not review on this interlocutory appeal, *see, e.g.*, *Kinney*, 367 F.3d at 346, and we conclude that this appeal must be dismissed for lack of appellate jurisdiction.

## III.

For the foregoing reasons, we DISMISS the appeal for lack of appellate jurisdiction and REMAND the case to the district court for further proceedings consistent with this opinion.