**IN THE UNITED STATES COURT OF APPEALS**
    **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2011

Lyle W. Cayce
Clerk

No. 10-40886
Summary Calendar

GEORGE JACKSON,

Plaintiff - Appellant

v.

CHARLES HARRIS,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-122

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

George Jackson, Texas prisoner # 1354074, filed the instant 42 U.S.C.
§ 1983 suit pro se based on events arising from a parole interview in which
Jackson was questioned about a detainer filed against him by the Sheriff's Office
of Natchitoches Parish, Louisiana.  Jackson appeals the order awarding
summary judgment in favor of Charles Harris, the parole officer who conducted
the interview.  According to Jackson, Harris unlawfully investigated rape
allegations against Jackson arising in Natchitoches Parish and violated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jackson's constitutional privacy rights by disclosing his health records and parole file to a detective in Natchitoches Parish.

Jackson does not brief any argument regarding the claims in his complaint that Harris improperly classified him as a sex offender and acted with deliberate indifference by discussing Jackson's rape allegations with an inmate. Jackson has thus abandoned those claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotation marks, emphasis, and citation omitted). If the moving party meets this initial burden, then the burden shifts to the nonmovant to set forth specific evidence to support his claims. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir.), *cert. denied*, 131 S. Ct. 355 (2010). All facts and inferences are construed in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment. *Dillon*, 596 F.3d at 266.

"The doctrine of qualified immunity shields a government official from civil liability for damages based upon the performance of discretionary functions." *Hampton v. Oktibbeha County Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007). "To determine whether a defendant is entitled to qualified immunity, this court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred." *Id.* To show that a government official's conduct was not

objectively reasonable, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* "If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity." *Id.*

Jackson contends that Harris investigated the Natchitoches rape charge and sought a confession to that charge unlawfully because Harris acted coercively and without authority; did not advise Jackson of his rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); and did not allow Jackson to have an attorney present. Jackson's allegations indicate that he denied the rape allegations during his interview with Harris, refused to sign the confession requested by Harris, was told by Harris to leave the interview after refusing to talk to Harris further, and has not been to trial on the rape allegations. His claim regarding *Miranda* does not amount to a cognizable constitutional violation under § 1983 because Jackson made no statement that was introduced in an incriminating manner. *See Chavez v. Martinez*, 538 U.S. 760, 769 (2003); *Collier v. Montgomery*, 569 F.3d 214, 219 (5th Cir. 2009).

Jackson's allegations further indicate that he had not yet been informed of, arrested for, or indicted on the Natchitoches rape allegations at the time Harris interviewed him about the allegations. Accordingly, he has not shown that Harris's alleged refusal to allow the presence of a lawyer was objectively unreasonable under clearly established law. *See Hampton*, 480 F.3d at 363; *Arrington v. County of Dallas*, 970 F.2d 1441, 1445-46 (5th Cir. 1992). Regarding Jackson's contention that Harris acted coercively, mere verbal abuse, threatening language, and gestures do not amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Jackson's allegations are insufficient to overcome Harris's qualified immunity. *See Hampton*, 480 F.3d at 363.

No. 10-40886

With respect to Jackson's contention that Harris violated his constitutional privacy rights by disclosing his confidential records to the detective in Natchitoches Parish investigating the rape allegations against Jackson, Jackson has failed to show that Harris's conduct was not objectively reasonable under clearly established law. *See* TEX. GOV'T CODE § 508.313(c)(4), (d)(1); *Hampton*, 480 F.3d at 363.

AFFIRMED.