**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2011

No. 10-41035

Lyle W. Cayce
Clerk

EDWARD WERNECKE, Individually; MICHELLE WERNECKE, Individually; KATIE WERNECKE, Previously a minor, now of majority age in her own individual capacity; JONATHAN WERNECKE, Previously a minor, now of majority age in his own individual capacity,

Plaintiffs - Appellants

v.

LINDA KIM GARCIA, In her individual capacity,

Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-238

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This action in 2007 under 42 U.S.C. § 1983 by Edward and Michelle Wernecke, individually and on behalf of their then four minor children, claimed violations of the Fourth and Fourteenth Amendments. In 2009, defendants were awarded summary judgment on most of the claims. Summary judgment was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41035

denied Linda Kim Garcia and another, in their individual capacities, for which they pursued an interlocutory appeal. *Wernecke v. Garcia*, 591 F.3d 386 (5th Cir. 2009). On remand, the parties settled in part, and judgment dismissing all claims was entered in 2010.

This appeal from that final judgment concerns only Garcia and the district court's ruling in 2009 that an earlier Texas state-court proceeding precluded claims arising from the State's taking custody of their daughter Katie Wernecke. Conceding that ruling was erroneous, Garcia instead claims qualified immunity. Along that line, the Werneckes' post-argument motion to reverse and remand for reconsideration is DENIED. Based on qualified immunity, the judgment is AFFIRMED.

I.

Katie Wernecke, then minor daughter of Edward and Michelle Wernecke, was diagnosed with Hodgkin's disease in January 2005. She was treated with chemotherapy in spring 2005 at Driscoll Children's Hospital in Corpus Christi, Texas. Following chemotherapy, her physician recommended radiation treatment. Her parents refused, at least initially, to consent.

On 26 May 2005, the Texas Department of Family and Protective Services (TDFPS) received a report of medical neglect regarding Katie Wernecke. The report stated: the Werneckes were told on 29 April of her need for radiation; despite a second opinion recommending radiation, her parents intended to treat her at home with herbal pills; and, she had symptoms suggesting her tumor was growing.

The next day, Garcia of TDFPS spoke to Katie Wernecke's physician, who said she needed to start radiation within ten days to prevent recurrence of the cancer. Garcia then spoke to Mrs. Wernecke and explained TDFPS would intervene if the Werneckes had not, by 31 May, scheduled an appointment for Katie Wernecke to receive radiation on or before 6 June.

2

No. 10-41035

On 1 June, Garcia was informed by a social worker at Driscoll of the following: the Werneckes had requested that day that Katie Wernecke be referred to an oncologist for radiation; but, the referral could not be made because the requested physician was not certified in pediatric radiology. TDFPS then filed in state court in Nueces County a petition seeking emergency temporary custody of Katie Wernecke. In her supporting affidavit, Garcia included the above facts, except that the Werneckes had requested a referral and that the referral could not be made. A Nueces County judge ordered the same day that TDFPS be given temporary custody of Katie Wernecke.

Around 5:30 that evening, Garcia, accompanied by another TDFPS employee and two deputy constables, went to the Wernecke home to take custody of Katie Wernecke. Upon their arrival, Mr. Wernecke told them she was not at home and refused to say where she was. After an extended discussion with Mr. Wernecke, the deputies and TDFPS employees entered the home. While searching, Garcia observed the "deplorable" condition of the home and, after conferring with her supervisor, Trainer, removed the two minor boys who were present. On 4 June, Katie Wernecke was found and placed in TDFPS custody.

The Werneckes filed this § 1983 action against TDFPS, Nueces County, the two deputies, and six TDFPS employees, including Garcia and Trainer, claiming violations of the Fourth and Fourteenth Amendments. Defendants were awarded summary judgment on claims arising from the seizure of Katie Wernecke. The district court ruled those claims precluded, because the Werneckes had "a full and fair opportunity to litigate the issue" during a state-court hearing on 15-16 June 2005, at the conclusion of which Katie Wernecke had been ordered to remain in TDFPS custody for treatment.

The district court denied summary judgment (denial of qualified immunity), however, to Garcia and Trainer on the claims of unreasonable search of the home and unjustified seizure of the boys. From this qualified-immunity

3

No. 10-41035

denial, Garcia and Trainer pursued an interlocutory appeal. Our court, *inter alia*, upheld the denial of summary judgment for Garcia for the claim concerning seizure of the boys. *Wernecke v. Garcia*, 591 F.3d 386 (5th Cir. 2009). On remand, the parties settled that claim, and judgment was entered dismissing all claims.

## II.

The Werneckes challenge only the summary judgment awarded Garcia, based on their claims regarding the seizure of Katie Wernecke being precluded. They contend Garcia committed a constitutional violation by omitting before the Nueces County judge that they had requested Katie Wernecke be referred for radiation.

A summary judgment is reviewed *de novo*. *E.g.*, *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a).

The Werneckes maintain Garcia violated:  the Fourth Amendment protection against unreasonable seizure (as applied against the States by the Fourteenth Amendment); and, the Fourteenth Amendment (substantive due process) right to family integrity. Their due-process claim is waived for inadequate briefing. FED. R. APP. P. 28(a)(9)(A).

## A.

Garcia concedes the district court erred in granting summary judgment *sua sponte* on the grounds of claim and issue preclusion. *Compare Baker v. Metro. Life Ins. Co.*, 364 F.3d 624, 632 (5th Cir. 2004) ("a district court may not grant summary judgment *sua sponte* on grounds not requested by the moving party" (citation and internal quotation marks omitted)), *with* FED. R. CIV. P. 56(f)(2) (as amended 2010) ("[a]fter giving notice and a reasonable time to respond, the court may . . . grant the [summary-judgment] motion on grounds

No. 10-41035

not raised by a party"). The district court's having failed to give the Werneckes notice, its preclusion ruling was improper under both *Baker* and Rule 56(f)(2).

B.

Garcia contends our court, nevertheless, should affirm the summary judgment on the basis of qualified immunity, as asserted in her summary-judgment motion. *E.g.*, *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (summary judgment may be affirmed "on any grounds supported by the record and presented to the [district] court").

"Although nominally an affirmative defense, the plaintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). Qualified immunity shields from civil liability government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, to overcome qualified immunity for summary-judgment purposes, a plaintiff must: (1) present evidence creating a genuine dispute on whether the official violated a statutory or constitutional right; and, (2) demonstrate that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). *See also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first").

1.

The Fourth Amendment applies to social workers' civil investigations. *E.g.*, *Roe v. Tex. Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 401 (5th Cir. 2002). An official violates that Amendment when, *inter alia*, she "knowingly and intentionally, or with reckless disregard for the truth" makes a false statement or omission that results in the issuance of a warrant without probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Hale v. Fish*, 899 F.2d

No. 10-41035

390, 400 (5th Cir. 1990) (applying *Franks* to omissions); *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 429 n.16 (5th Cir. 2008) (court order under provision at issue is equivalent to warrant for Fourth Amendment purposes).

"To determine whether facts omitted from a warrant affidavit are material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006). Insertion of the omitted facts–the Werneckes requested a referral, but the referral could not be made because the physician was not certified to treat Katie Wernecke–does not reconstruct the affidavit so as to preclude finding:

> (1) there is an immediate danger to the physical health or safety of the child . . . and that continuation in the home would be contrary to the child's welfare;
> (2) there is no time, consistent with the physical health or safety of the child, for a full [adversarial hearing]; and
> (3) reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to prevent or eliminate the need for the removal of the child.

TEX. FAM. CODE § 262.102.

Therefore, the Werneckes have not shown, for summary-judgment purposes, a genuine dispute on whether Garcia's omissions resulted in the issuance of an order without adequate grounds. Accordingly, they have not made a sufficient showing of a constitutional violation prerequisite to overcoming summary judgment based on qualified immunity. *See Saucier*, 533 U.S. at 201.

No. 10-41035

2.

In the alternative, for summary-judgment purposes, the Werneckes do not show a genuine dispute on whether Garcia's conduct was other than "objectively reasonable under clearly established law". *E.g.*, *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007).

The Werneckes contend: it was clearly established at the time of Garcia's conduct that social workers were subject to the Fourth Amendment; and, a reasonable official would have known it is illegal to omit "critical" information from an affidavit. These contentions do not satisfy the test. "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition". *Saucier*, 533 U.S. at 201.

Garcia's conduct cannot give rise to civil liability unless a reasonable official in her circumstances would have known her conduct violated the Constitution. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Defendant's circumstances include facts known to defendant. *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001). It is not disputed Garcia knew, at the time of her affidavit, both that the Werneckes had requested a referral and that the referral could not be made because the physician was not certified in pediatric radiology. For summary-judgment purposes, the Werneckes fail to show a genuine dispute on whether a reasonable official would have necessarily believed omitting the exculpatory fact that a referral was requested, along with the inculpatory fact that the requested physician was not certified, would violate the Constitution.

III.

For the foregoing reasons, the Werneckes' post-argument motion to reverse and remand for reconsideration is DENIED; the judgment is AFFIRMED.