# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2020

Lyle W. Cayce
Clerk

No. 20-50327
Summary Calendar

Victor J. Edney,

*Plaintiff—Appellant*,

*versus*

Eondra Lamone Hines; Unknown Accomplice John Doe;
Officer Jordan Wenkman; Officer Bobby King; Sergeant
David Conley; Sergeant Keith Vaughan,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas, Waco Division
USDC No. 6:18-CV-336

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Victor J. Edney, proceeding *pro se* and *in forma pauperis*, appeals the district court's entry of final judgment in his lawsuit alleging violation of his civil rights. We AFFIRM.

## I.

On April 24, 2018, City of Waco police received a report of a possible drowning and attempted suicide in a portion of the Brazos River that flows through a local park. When Officers Jordan Wenkman and Bobby King arrived, a crowd directed them to a man, later identified as Appellant Victor J. Edney, who was standing to his ankles in the water. Edney's mother and uncle, Eondra Hines, identified themselves and told the officers that Edney was a Marine veteran suffering from schizophrenia and PTSD who had not been taking his medication.

The officers, dressed in full patrol uniforms, identified themselves as Waco police officers and approached a seemingly "confused" Edney. Edney, apparently not believing them to be police officers despite their uniforms and announcement, asked the officers to identify themselves further. Eventually Edney came out of the water to the bank where the officers were. Once they were away from the water, Edney explained that he was in the water looking for his keys, though he was unable to explain how the keys wound up in the river and despite the fact that a set of keys were in his hand. Edney then explained that he was looking for a ball, and again contended that the officers were not actually police officers.

Because of Edney's disoriented behavior and explanations, as well as the initial report of a possible suicide, the officers decided to detain Edney while they attempted to determine if he posed a threat to himself or others. Officer Wenkman searched Edney before placing him in a patrol car and found a small unloaded firearm in his waistband and several ammunition rounds in his pocket. During the search, the officers observed that Edney

No. 20-50327

had become agitated and they suspected he was hallucinating. The officers gave Edney's wallet to his mother, and Edney complained, explaining that the woman "could be anyone wearing a suit or disguised to look like his mother."

After determining that Edney was neither a threat to himself or others and finding no other reason to take him into custody, the officers retrieved Edney's wallet from his mother and returned to him. However, because of his behavior, after verifying that Edney held a valid license to carry a firearm, his pistol was given to Hines with an understanding that it would be returned to Edney later. Following the incident, Appellant Sergeant Keith Vaughan submitted a revocation application to the Texas Department of Public Safety explaining that Edney's firearm had been seized out of concern for his mental health.[1]

Edney later filed a "citizen's complaint" with the Waco police department alleging police misconduct. After an investigation, the officers were exonerated, and Edney's complaint closed. Thereafter, Edney filed a lawsuit against Eondra Hines, an Unknown Accomplice John Doe, Officer Jordan Wenkman, Officer Bobby King, Sergeant David Conley, and Sergeant Keith Vaughan in federal district court alleging violations of his civil rights. In response to the lawsuit, Officer Wenkman, Officer King, Sergeant Conley, and Sergeant Vaughan filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in which they raised the defense of qualified immunity.

---

[1] Under Texas state law, any officer who believes that a reason to revoke a license to carry exists is required to prepare an affidavit on a form provided by the Texas Department of Public Safety explaining the reason for the revocation. *See* Tex. Gov't Code Ann. § 411.186(b).

No. 20-50327

The case was assigned to a magistrate judge who determined that because Edney failed to plead facts showing that the officers clearly violated Edney's established rights under the First, Fourth, Fifth, Sixth, or Eighth Amendments, the officers were entitled to qualified immunity. The magistrate judge further determined that references in Edney's pleadings to several sections of the Texas Civil Practices and Remedies Code, the Texas Tort Claims Act, the Texas Code of Criminal Procedure, and a Fifth Circuit case were all inapplicable to his claim that the officers violated his constitutional rights. Therefore, the magistrate judge determined that Edney failed to satisfy either prong of the qualified immunity analysis and recommended that the district court dismiss his claims with prejudice.

Edney filed a timely objection to the magistrate judge's report and recommendation. The district court overruled the objection, accepted and adopted the magistrate judge's report and recommendation, and entered an order dismissing Edney's claims against the officers with prejudice. Subsequently, Edney filed a motion for reconsideration of the district court's order and a motion for miscellaneous relief.[2] The officers filed a motion for entry of final judgement. The district court, finding no clear error in the magistrate judge's report and recommendation, again adopted the recommendation, declined to exercise jurisdiction over Edney's state law claims against Appellees Hines and John Doe, entered an order of final judgment, and denied Edney's motion of frivolous claims. This timely appeal followed.

---

[2] Edney's motion for miscellaneous relief alleged that relief should be granted via a "motion of frivolous claims" pursuant to Section 105.002 of the Texas Civil Practices and Remedies Code.

No. 20-50327

II.

We review a district court's grant of a motion to dismiss *de novo*. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Under Federal Rule of Civil Procedure 12(b)(6), a federal court may dismiss a complaint that fails "to state a claim upon which relief can be granted." A court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of [Federal] Rule [of Appellate Procedure] 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Although Appellant Edney's brief is extremely difficult to follow, he appears to make several arguments, which we address in turn. We first address the district court's dismissal of Edney's claim for violations of his constitutional rights based on the officers' assertion of qualified immunity. Edney alleges a number of civil rights claims including a violation of his First Amendment rights because "the officers never gave him a chance to speak"; a violation of his Fourth Amendment rights when the officers "assaulted" him during his arrest, seized his firearm and detained him in the back of a police vehicle; a violation of his Fifth Amendment rights because the officers did not read his *Miranda* rights prior to detaining him; a violation of his Sixth Amendment rights when the officers "violated his constitutional law without assurance"; a violation of his Eighth Amendment rights when the officers were "crude" during their search of his person; and a violation of his rights when the officers committed "perjury" by submitting a frivolous affidavit of revocation to the Texas Department of Public Safety.

No. 20-50327

Once qualified immunity has been properly raised, the burden is on the plaintiff to negate it. *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). Edney failed to meet this burden. In his reply brief, Edney states only that the district court's decision as to qualified immunity was "irrelevant and not applicable to the state of Texas Constitution." Edney does not seek to show that the officers violated any of his clearly established constitutional rights or that the officers' conduct was objectively unreasonable. *See Wyatt v. Fletcher*, 718 F.3d 496, 502–03 (5th Cir. 2013). Because Edney failed to raise any legal argument or identify any error in the district court judge's legal analysis or application, his claim regarding violations of his constitutional rights is deemed "abandoned." *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983); *see also Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Edney next contends that the district court erred when it declined to exercise jurisdiction over his claims of slander against Appellees Hines and John Doe. We hold that the district court did not err in declining to exercise jurisdiction over these state law claims.

Finally, Edney argues that the district court erred when it found that he failed to state a claim upon which relief could be granted, dismissed his lawsuit with prejudice, and denied his motion of frivolous claims. A "motion of frivolous claims" is a method of recovery under Texas state law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 105.002 ("A party to a civil suit in a court of this state brought by or against a state agency in which the agency asserts a cause of action against the party . . . is entitled to recover."). The district court's dismissal of Edney's motion was therefore proper.

\*       \*       \*

In view of the foregoing, Edney's request for oral argument is DENIED. The judgment of the district court is AFFIRMED.