# United States Court of Appeals for the Fifth Circuit

---

No. 22-60192
Summary Calendar

---

Gianni Williams,

*Plaintiff—Appellant*,

*versus*

City of Greenwood; Police Chief Ray Moore, *in his individual and official capacity*; Officer Jerry Williams, *in his individual and official capacity*; Officer Kevin S. Hayes, *in his individual and official capacity*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:19-CV-89

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60192

In this appeal, Appellant Gianni Williams ("Gianni") seeks review of the district court's order granting summary judgment for Appellees and dismissing his claims. For the following reasons, we AFFIRM.

## I.   Background

This case arises from an incident that occurred around midnight on January 31, 2019, in Greenwood, Mississippi. Gianni was driving home when Officer Jerry Williams of the Greenwood Police Department observed him turn without signaling. Officer Williams followed Gianni to his residence. When Gianni exited his vehicle, Officer Williams commanded Gianni to stop and lay on the ground. Gianni initially protested, but finally complied when Officer Williams unholstered his taser and approached.[1] Officer Williams then straddled Gianni's back and attempted to handcuff him. Gianni tried to pull away, and Sergeant Kevin Hayes, who had just arrived at the scene, came over to assist. After the officers succeeded in handcuffing Gianni, they hoisted him to his feet and tried to walk him to the patrol car. Gianni continued to yell and resist. One officer unholstered his taser and held it to Gianni's back, warning Gianni that officers would "tase him if they ha[d] to." A few seconds later, Gianni cried out in pain and yelled, "They shot me with their taser gun." After continuing to resist for several more seconds, Gianni finally allowed officers to place him in the back of a patrol car.

As a result of the incident, Gianni was charged and convicted of disorderly conduct, failure to signal, no driver's license, no proof of motor vehicle liability insurance, and possession of marijuana.

Gianni sued the City of Greenwood, Chief of Police Ray Moore, Officer Williams, and Sergeant Hayes under 42 U.S.C. § 1983 for violations

---

[1] A video taken by Gianni's child's mother captures most of the incident from this point forward.

No. 22-60192

of his Fourth, Fifth, Eighth,[2] and Fourteenth Amendment rights and for various state law claims. The district court granted Appellees' motion for summary judgment as to Gianni's federal claims and dismissed them. In light of this holding, the court declined to exercise supplemental jurisdiction over Gianni's state law claims, dismissing them without prejudice. Gianni timely appealed.

## II.    Standard of Review

We review a district court's grant of summary judgment de novo. *Mills v. Davis Co.*, 11 F.3d 1298, 1301 (5th Cir. 1994). Summary judgment is proper where there is an absence of a material fact issue and the movant is entitled to prevail as a matter of law. *See Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 425–26 (5th Cir. 2017). Where the non-movant would have the burden at trial, the movant is required only to point to the absence of evidence, and then the burden at summary judgment shifts to the non-movant to raise a genuine issue of material fact that warrants a trial. *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015). A party has raised a "genuine issue" if there is sufficient evidence for a jury to return a verdict for that party in a full trial on the merits. *In re La. Crawfish Prods.*, 852 F.3d 456, 462 (5th Cir. 2017).

## III.    Discussion

We will begin by analyzing Gianni's § 1983 claims, which allege that Appellees violated his Fourth, Fifth, and Fourteenth Amendment rights.[3]

---

[2] Gianni did not brief the dismissal of his Eighth Amendment claim on appeal. As such, it is deemed waived. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

[3] Given that Gianni's Fourteenth Amendment claim pertains to his arrest by city law enforcement officers, we analyze it under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that "*all* claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth Amendment and its

To sue a municipality, a plaintiff must show the existence of (1) "a policymaker," (2) "an official policy," and (3) "a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Additionally, when, as here, law enforcement officers sued in their individual capacities properly invoke qualified immunity, "the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015). To determine if the plaintiff has met this burden, we ask: "(1) whether the undisputed facts and the disputed facts, accepting the plaintiff's version of the disputed facts as true, constitute a violation of a constitutional right, and (2) whether the [officers]' conduct was 'objectively reasonable in light of clearly established law.'" *Id.* (quotation omitted). Here, "the record evidence, read in the light most favorable to [Gianni], does not show that his [constitutional] rights were violated." *Salazar-Limon v. City of Houston*, 826 F.3d 272, 279–80 (5th Cir. 2016). Therefore, Gianni necessarily failed to satisfy the requirements of either test, and his federal claims fail.

First, Gianni asserts that Officer Williams and Sergeant Hayes violated his Fourth Amendment rights by using excessive force while attempting to handcuff him and escort him to the patrol car. To establish an excessive force claim, plaintiffs must show that they "suffer[ed] an injury that result[ed] directly and only from a clearly excessive and objectively unreasonable use of force." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). Several factors guide our analysis when evaluating these claims, including "(1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and

---

'reasonableness' standard, rather than under a 'substantive due process' approach." (emphasis in original)).

(3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Here, factor three is most relevant. Our precedent explains that a suspect's active resistance to arrest justifies an enhanced degree of force, including the use of a taser. *See, e.g.*, *Cloud v. Stone*, 993 F.3d 379, 384–87 (5th Cir. 2021) (holding that an officer did not violate a constitutional right when the officer tased a defendant resisting handcuffing); *Collier v. Montgomery*, 569 F.3d 214, 216, 219 (5th Cir. 2009) (concluding that an officer acted reasonably when he pushed an arrestee onto the hood of his police cruiser after the arrestee resisted the officer's attempts to handcuff him by "pull[ing] his hand back and turn[ing] away from the officer").

There is no question here that Gianni resisted arrest.[4] Moreover, Gianni failed to raise a fact issue as to whether the officers' response was objectively unreasonable under Fifth Circuit precedent. Though Gianni asserts that Officer Williams "repeatedly tased him until he was in the police car," the video plainly shows that Gianni was tased only once. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("We assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene."); *Collier*, 569 F.3d at 219 ("The video evidence shows that [the plaintiff] physically resisted when [the defendant] attempted to place handcuffs on him."). Additionally, even where the video

---

[4] The video makes this clear, and Gianni concedes this point in his brief.

is inconclusive, Gianni presented no evidence to support his assertion that officers struck his side or back; his deposition alleged only one act related to the throat.[5] *See Nola Spice Designs,* 783 F.3d at 536 (explaining burden shift to non-movant on raising a fact issue).

Accordingly, at most the record shows that Officer Williams (1) tased Gianni once after he continued to resist arrest, and (2) pressed his knees into Gianni's throat while struggling to handcuff him. Given Gianni's persistent and vigorous resistance to arrest, these actions could not amount to "excessive force" under Fifth Circuit precedent. *See, e.g.*, *Cloud*, 993 F.3d at 384–87. Therefore, there was not a material fact issue on this point, and Gianni's Fourth Amendment excessive force claim fails.

We similarly reject Gianni's claim that Appellees unlawfully detained and arrested him without probable cause. A plaintiff convicted of a crime is barred from bringing § 1983 claims that would undermine his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Gianni's false arrest claim arises from the same facts implicated by charges for which he was ultimately convicted. Therefore, it is barred.[6]

Gianni also argues in his brief that Appellees violated his Fifth Amendment right to due process by unlawfully detaining him and seizing his

---

[5] Indeed, Gianni only cites two sources for this contention: (1) his complaint, which is improper summary judgment evidence, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (emphasizing that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading" (internal quotation marks and citation omitted)), and (2) his deposition, in which he specifically stated that his only physical injuries stemmed from the handcuffs, the tase, and when Officer Williams "placed his knees in [his] throat."

[6] Moreover, Gianni admits that Officer Williams witnessed him turn without signaling. Therefore, Officer Williams had probable cause to arrest him for violating Mississippi's criminal code.

vehicle. However, plaintiffs may only assert Fifth Amendment claims against federal officers. *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Officer Williams, Sergeant Hayes, and Chief Moore are municipal officers employed by the Greenwood Police Department. Therefore, this claim also fails.[7]

Gianni asserts three additional § 1983 claims: (1) supervisory liability against Chief Moore, (2) bystander liability against Sergeant Hayes, and (3) municipal liability against the City of Greenwood for failure to train and supervise Officer Williams and Sergeant Hayes. But all three claims are predicated on the existence of a constitutional violation. *See, e.g.*, *Peña v. City of Rio Grande City*, 879 F.3d 613, 619–20 (5th Cir. 2018); *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013); *Piotrowski*, 237 F.3d at 579; *Becerra v. Asher*, 105 F.3d 1042, 1047–48 (5th Cir. 1997). Since Gianni's evidence does not raise a fact issue as to whether Appellees violated his constitutional rights, these claims fail as well.

Finally, the district court appropriately exercised its discretion to dismiss without prejudice Gianni's state law claims after concluding that Appellees were entitled to summary judgment on their federal claims.[8] In the Fifth Circuit, "[d]istrict courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (per

---

[7] Gianni's assertions of other alleged Fourteenth Amendment violations, which can apply in these circumstances, do not add anything new to the points already addressed.

[8] Gianni's brief seems to misunderstand the grounds for the district court's dismissal of his state law claims. Gianni argues that his state law claims are not barred by the Mississippi Tort Claims Act. But the district court dismissed Gianni's claims pursuant to its discretion under 28 U.S.C. § 1367(c)(3) to forego exercising supplemental jurisdiction over state law claims remaining after dismissal of all federal law claims. Therefore, the applicability of the Mississippi Tort Claims Act is irrelevant.

No. 22-60192

curiam); *see also* 28 U.S.C. § 1367(c)(3).  Therefore, the court did not abuse its discretion.

## IV.    Conclusion

In light of these conclusions, we AFFIRM.