# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2012

No. 11-60726
Summary Calendar

Lyle W. Cayce
Clerk

DONNIE FOSTER,

Plaintiff-Appellant

v.

CARROLL COUNTY; JERRY CARVER, Sheriff; ROB BANKS, Deputy,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:09-CV-127

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Donnie Foster, Mississippi prisoner # 37782, moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's grant of summary judgment in favor of the defendants, Carroll County, Sheriff Jerry Carver, and Deputy Rob Banks, and dismissing his complaint under 42 U.S.C. § 1983. He also moves this court for appointment of counsel. By moving for IFP status here, Foster is challenging the district court's certification that his appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).[1]

This case arose from an incident a few days after Foster absconded from a Mississippi restitution center to which he had been sentenced and went to the home of his former girlfriend where he was unable to speak to her. Her house then allegedly burned down and her van stolen; a report was made regarding Foster, who had made previous threats against her home. As a result, the authorities were on the lookout for Foster. The day of the incident, they located him, and he led them on a chase, culminating in a lengthy standoff wherein Foster – who was armed with a weapon – demanded to see his former girlfriend and resisted continuous commands to throw his weapon on the ground. Foster was ultimately shot in the leg and thereafter arrested without further incident. He brought this action making various claims against certain law enforcement officials and the county.

We review de novo a district court's ruling on a motion for summary judgment. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All reasonable inferences are drawn in the light most beneficial to the nonmoving party, but conclusional allegations and unsubstantiated contentions may not be relied on as evidence by the nonmoving party. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

"Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). "A court of appeals need not rely on

---

[1] The district court's certification decision adopted and incorporated the magistrate judge's report and recommendation on the motion for summary judgment as its reasons for its ruling. Nothing more was required. *See Baugh*, 117 F.3d at 202 n.21.

the plaintiff's description of the facts where the record discredits that description but should instead consider 'the facts in the light depicted by the videotape.'" *Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

Turning to Foster's arguments, he challenges the grant of summary judgment on his claim that he was not read his constitutional rights, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). However, regardless of whether any officers were required to advise Foster of his *Miranda* rights, this claim does not amount to a cognizable constitutional violation under § 1983, because there is no allegation that Foster made a statement that implicated his constitutional right to protection against self-incrimination. *See Collier v. Montgomery*, 569 F.3d 214, 219 (5th Cir. 2009). Violations of the prophylactic *Miranda* procedures do not amount to violations of the Constitution itself and, as such, fail to raise a cause of action under § 1983. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

Foster next challenges the grant of summary judgment on his claim that Deputy Banks, by shooting him in the leg during the final stage of the standoff incident, used force that was clearly excessive and objectively unreasonable, in violation of the Fourth Amendment. The crux of Foster's argument is that this claim should have proceeded to a jury because he did not have the pellet gun in his hands when Deputy Banks shot him in the leg; the videotape of the standoff situation is partially obstructed and does not show his hands in the moments immediately preceding and following the shooting; and there is no conceivable way that Trooper Tony Dunn could have kicked the gun across the road without the ground being in disarray. However, as the district court explained, the audio and visual portions of the videotape of the incident demonstrate that Foster's version of the events is a "visible fiction." *Scott*, 550 U.S. at 381.

The videotape demonstrates that there can be no genuine dispute that, at the time Deputy Banks shot him, Foster was armed with a firearm, was facing the officers, appeared to be emotionally unstable and suicidal, and had repeatedly refused to comply with any of the officer's demands, including the

urgent requests that he throw the weapon down. Ordinarily, a district court would view disputed evidence in favor of the non-movant – here, Foster. However, the Supreme Court has identified a "wrinkle" in that approach — "existence in the record of a videotape capturing the events in question." *Id.* at 378. Where, as here, Foster's claim contradicts the videotape, the videotape controls (in the absence of credible evidence of doctoring or the like). *Id.* at 379-81. Viewing the videotape of Deputy Banks's actions from the perspective of a reasonable officer, *see Graham v. Connor*, 490 U.S. 386, 396-97 (1989), the district court correctly concluded that Deputy Banks's actions were objectively reasonable under the circumstances. *See id.*; *Ramirez v. Knoulton*, 542 F.3d 124 (5th Cir. 2008). Further, because Foster has not demonstrated a genuine issue of material fact concerning the existence of a constitutional violation, we need not address the issues of Sheriff Carver's or the County's liability. *See, e.g., Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 238 (5th Cir. 2009).

The remainder of Foster's arguments in his IFP motion do not alter the conclusion that the defendants were entitled to judgment as a matter of law. First, Foster complains of the district court's denial, without prejudice, of an amended complaint that he attempted to file; however, he does not allege, and the record does not reflect, that he subsequently sought leave to file an amended complaint, in accordance with the Federal Rules of Civil Procedure, and that such a motion was improperly denied. He next takes issue with the denial of a purported motion to compel a deputy's statement; yet, no such motion appears in the record. Moreover, as the nonmoving party, Foster cannot defeat summary judgment with speculation (here, what a deputy "might" have said). *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). In addition, Foster's conclusional allegation of a conspiracy between persons not parties to this action and not present during the standoff is irrelevant to the district court's grant of summary judgment on the instant § 1983 claims.

Foster also complains about the district court's adoption of the magistrate judge's report and recommendation, despite his having timely mailed his objections. Foster's contentions, at best, amount to an argument that the district court erred by not engaging in a de novo review of those portions of the magistrate judge's report to which he may have timely objected. *See* 28 U.S.C. § 636(b)(1). Nevertheless, considering the above discussion that the defendants were entitled to judgment as a matter of law on the § 1983 claims, Foster can show no prejudice from the failure to consider any objections he attempted to file because the grant of summary judgment was correct. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994). Also without merit is Foster's challenge to the district court's having counted the instant § 1983 action as a strike. The district court's order expressly indicates that the action counted as a strike under 28 U.S.C. § 1915(g) because it was being dismissed as frivolous, not, as Foster suggests, because of any failure to satisfy an exhaustion requirement.

Foster has not shown that the district court's determination that Foster's appeal was not taken in good faith is incorrect. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Foster's motion for leave to proceed IFP on appeal is DENIED. His motion for appointment of counsel is also DENIED.

Foster's appeal is frivolous, *see Howard*, 707 F.2d at 219-20, and it is DISMISSED, *see Baugh*, 117 F.3d at 202 & n. 24. 5TH CIR. R. 42.2. The district court's dismissal of Foster's complaint and the dismissal of this appeal as frivolous count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Foster is WARNED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).